UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

AVASHAYE GIDDEN, on her own behalf and
others similarly situated,

        Plaintiff(s),

v.

BANK OF AMERICA CORPORATION,
BANK OF AMERICA, NATIONAL ASSOCIATION,
and BOFA ADVISORS, LLC,

        Defendant.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Avashaye Gidden ("Plaintiff"), by and through her undersigned counsel and pursuant to Rule 7, Federal Rules of Civil Procedure, hereby submits this, her Complaint and Demand for Jury Trial against Defendants Bank of America Corporation, Bank of America, National Association, and BOFA Advisors, LLC ("Defendants") and states the following:

1. Plaintiff was an employee of Defendants between May 2008 and December 2011, and brings this action on behalf of herself and other current and former employees of Defendants similarly situated to her for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et seq. ("FLSA").

2. Plaintiff performed non-exempt teller and sales and service specialist duties for Defendants in Broward County, Florida during the three (3) year statute of limitations period.

3. Defendants have at all times material hereto owned and/or operated a business/businesses in Broward County, Florida within the jurisdiction of this Court.

4. This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA.

5. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

6. At all times material to this Complaint, Defendants had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had/have been moved in or produced for interstate commerce.

7. Based upon information and belief, the annual gross sales volume of Defendants' was in excess of $500,000.00 per annum at all times material hereto.

8. At all times pertinent to this Complaint, Defendants has been enterprises engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA.

9. The additional persons who may become plaintiffs in this action are Defendants' non-exempt employees who, in one or more work weeks have worked in excess of forty (40) hours per week but did not receive time and one-half of their regular rate of pay for all of their overtime hours worked.

10. Plaintiff and the other similarly situated employees regularly worked in excess of forty (40) hours per week in one or more weeks during their employment with Defendants.

11. However, Defendants did not pay time and one-half wages for any of the overtime hours worked by Plaintiff and the other employees similarly situated to her.

12. Plaintiff in particular worked 51 hours per week from February 2009 through December 2011, but was only paid time and one-half for all hours worked between forty (40) and forty-one (41) per week.

13. Plaintiff's particular damages are accordingly calculated as follows:

    a. Plaintiff's regular rate of pay was $14.42/hour.

    b. Plaintiff's overtime rate is $21.63 ($14.42 x 1.5).

    c. $21.63 x 10 hours of overtime per week = $216.30 of overtime owed per week.

    d. $216.30 x 149 weeks for which overtime compensation is owed = $32,228.70.

    e. $33,526.50 x 2 (liquidated damages) = $64,457.40.

    f. Attorney's fees to date: 3.5 hours x $350/hour = $1,225.00

14. The records, if any concerning the hours worked by Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendants.

15. The records, if any, concerning the compensation actually paid to Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendants.

16. Plaintiff objected to and complained about Defendants' failure/refusal to pay her overtime compensation for all hours worked in excess of 40 per week.

17. Shortly after Plaintiff voiced her complaint as referenced in paragraph 16 above, Plaintiff was transferred and summarily terminated from employment.

<u>**COUNT I**</u>
<u>**RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA AGAINST ALL DEFENDANTS**</u>

18. Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

20. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

21. Defendants knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to her at time and one-half of their regular rate of pay for all hours worked in excess of forty (40) per week.

22. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

23. As a result of Defendants' willful violations of the FLSA, all Plaintiffs (the named Plaintiff and those similarly situated to her) are entitled to liquidated damages.

24. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff and those similarly situated to her who have or will opt into this action, demands judgment, jointly and severally, against Defendants for the payment of all overtime hours at one and one-half times their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
## RETALIATION UNDER THE FLSA AGAINST ALL DEFENDANTS

25. Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 12 and 16 through 17 as if fully set forth herein.

26. The FLSA prohibits Defendants from discharging or discriminating against any employee because such employee has submitted any complaint related to the requirements of the FLSA.

27. Plaintiff voiced a complaint with Defendants regarding Defendants' failure/refusal to pay her overtime compensation for all hours worked in excess of 40 in a given week.

28. Shortly after submitting her complaint with Defendants, Plaintiff was transferred and terminated from employment.

29. Defendants knowingly, intentionally and willfully transferred and terminated Plaintiff as a direct result of her complaint that Defendants were inappropriately failing to pay her overtime compensation for all hours worked in excess of 40 in a given week.

30. As a direct result of Defendants' retaliatory discharge of Plaintiff, Plaintiff has been damaged.

31. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendants for reinstatement, payment of lost compensation, liquidated damages, reasonable attorneys' fees, costs of suit, prejudgment interest, and all other appropriate relief.

## JURY TRIAL DEMANDED

32. Plaintiff demands a jury trial on each of her above claims and counts.

Respectfully submitted,

Dated:  February 17, 2012              s/ Jeffrey M. Goodz
                                       Jeffrey M. Goodz (Fl. Bar No. 0953600)
                                       REMER & GEORGES-PIERRE, PLLC
                                       E-mail:  jgoodz@rgpattorneys.com
                                       4901 Northwest 17th Way, Suite 505
                                       Fort Lauderdale, Florida 33309
                                       Telephone:  (954) 717-4500
                                       Facsimile:  (305) 416-5005

                                       Attorneys for Plaintiff